# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIELLE HAWKINS,
    Appellant,

    v.

DEPARTMENT OF VETERANS
 AFFAIRS,
    Agency.

DOCKET NUMBER
SF-0752-16-0796-I-1

DATE: October 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ariel E. Solomon</u>, Esquire and <u>Paul G. Buchbinder</u>, Esquire, Albany, New
 York, for the appellant.

<u>Camille D.S. Stroughter</u>, Esquire, Oakland, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal without prejudice to refiling and deemed her affirmative defenses withdrawn. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review and AFFIRM the initial decision as MODIFIED to find that the administrative judge abused her discretion in deeming the appellant's affirmative defenses withdrawn. Because the time period to refile this appeal has passed, we FORWARD the appeal to the Western Regional Office for docketing and adjudication as a refiled appeal.

## BACKGROUND

¶2 On September 26, 2016, the appellant filed an appeal challenging the agency's decision to remove her. Initial Appeal File (IAF), Tab 1. Due to scheduling issues, in a June 29, 2017 initial decision, the administrative judge dismissed the appeal without prejudice. IAF, Tab 37, Initial Decision (ID) at 2. She determined that the appeal would automatically be refiled on August 21, 2017. *Id.*

¶3 As a separate matter, the administrative judge stated, "after multiple extensions, the appellant never submitted the required information to support her affirmative defenses." *Id.* The administrative judge noted that she had issued an order for the appellant to show cause why she should not impose sanctions, such as deeming the affirmative defenses withdrawn, but the appellant never responded. *Id.*; *see* IAF, Tab 36. Accordingly, the administrative judge deemed the appellant's affirmative defenses withdrawn. ID at 2.

¶4 In her petition for review, the appellant asserts that the administrative judge abused her discretion in deeming her affirmative defenses withdrawn. Petition for Review (PFR) File, Tab 1 at 8-13. The appellant asserts that her primary counsel, who was an e-filer, did not see the administrative judge's show cause order because she was out of her office receiving medical treatment, and her co-counsel, who was not an e-filer, did not receive the show cause order until after the date that the response was due. *Id.* at 10. The appellant asserts that she became aware of the filing deficiency on the date the initial decision was issued,

and that she filed a response 1 day later. *Id.* The agency has responded in opposition to the petition. PFR File, Tab 7.

## ANALYSIS

¶5 An administrative judge has the authority to impose sanctions for a party's failure to follow the Board's regulations or failure to respond to the administrative judge's orders. *Robinson v. Department of Veterans Affairs*, 94 M.S.P.R. 509, ¶ 10 (2003); *see Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 12 (2010); *see also* 5 C.F.R. § 1201.43(a), (c). The administrative judge should not resort to the imposition of sanctions unless necessary to serve the ends of justice. *Guzman*, 114 M.S.P.R. 566, ¶ 12. The Board ordinarily will not disturb an administrative judge's determination to impose a sanction unless it is shown that the administrative judge abused her discretion or that her erroneous ruling adversely affected a party's substantive rights. *E.g.*, *Johnson v. Department of the Treasury*, 108 M.S.P.R. 592, ¶ 17 (2008).

¶6 The Board's regulations allow an administrative judge to impose sanctions for failure to comply with an order, failure to prosecute or defend an appeal, or failure to make a timely filing. 5 C.F.R. § 1201.43. When a party fails to comply with an order, the administrative judge, in her sound discretion, may (1) draw an inference in favor of the requesting party regarding the information sought; (2) prohibit the party failing to comply with the order from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information; (3) permit the requesting party to introduce secondary evidence concerning the information sought; and (4) eliminate from consideration any appropriate part of the pleadings or other submissions of the party that fails to comply with the order. 5 C.F.R. § 1201.43(a). The administrative judge's authority to impose sanctions "covers, but is not limited to," the circumstances specifically set forth in section 1201.43. 5 C.F.R. § 1201.43.

¶7    The administrative judge's June 14, 2017 Order directing the appellant to show why the Board should not impose sanctions pursuant to 5 C.F.R. § 1201.43 followed an April 11, 2017 Order directing the appellant to provide specific information regarding her affirmative defenses. IAF, Tabs 20, 36. The appellant responded to the April 11, 2017 Order with requests for extensions of time. IAF, Tabs 24, 31. The administrative judge granted the appellant's requests, first affording her until May 19, 2017, and then affording her until June 13, 2017, to respond. IAF, Tabs 24-25, 31, 35. The appellant's failure to provide a substantive response to the administrative judge's April 11, 2017 Order is the basis of her decision to impose sanctions. IAF, Tab 36; ID at 2.

¶8    The appellant states in her petition for review that she submitted the information requested by the administrative judge the day after the initial decision was issued.[2] PFR File, Tab 1 at 10. She explains that, when the primary attorney's co-counsel assumed representation, he was not a registered e-filer in this matter and did not actually receive a copy of the show cause order until after the initial decision was issued. Considering the extenuating circumstances in this case and the lack of any indication of abandonment or bad faith on the part of the appellant, we find that the administrative judge abused her discretion in striking the appellant's affirmative defenses. *See Guzman*, 114 M.S.P.R. 566, ¶¶ 9-17; *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶¶ 11-15 (2009).

¶9    Additionally, the sanction imposed by the administrative judge is problematic because the appellant clearly asserted her affirmative defenses, even

---

[2] The regional office received the appellant's submissions on June 20 and 27, 2017, after the Board's initial decision was issued in this appeal. However, the submissions were returned. IAF, Tabs 39-40. No copy of the appellant's alleged submission in response to the show cause order is in the record. On review, the appellant asks the Board to consider her response to the show cause order. PFR File, Tab 1 at 6. Her explanation for not timely filing a response to the show cause order, i.e., that counsel did not timely see the show cause order on the Board's e-Appeal system, does not establish good cause for her delayed filing, and we therefore deny her request that the response be considered. *See* 5 C.F.R. § 1201.114(f).

if in summary fashion, IAF, Tabs 1, 16, and she never expressed any intent to withdraw these defenses. Also, the agency did not suggest the extreme sanction that the administrative judge imposed. Further, the appellant's representative did file motions for enlargement of time to file submissions regarding the appellant's affirmative defenses, IAF, Tabs 24, 31, and to suspend the case for a 30-day period, IAF, Tab 9.[3]

¶10    As noted, in the initial decision, the administrative judge dismissed the appeal without prejudice and stated that the appeal would be automatically refiled on August 21, 2017. ID at 2. As that date has passed, we forward this matter to the Board's Western Regional Office for continued adjudication.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] The appellant has requested oral argument on the issues raised in her petition for review. PFR File, Tab 1 at 8. We find that oral argument on these matters is not needed, and we therefore deny that request.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.